UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILSON VELEZ,
    *Plaintiff*,

v.

A. SANTIAGO *et al.*,
    *Defendants*.

No. 3:18-cv-01584 (JAM)

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Wilson Velez is a pre-trial detainee in the custody of the MacDougall-Walker Correctional Institution.[1] He has filed a civil rights complaint *pro se* and *in forma pauperis* to challenge his security designation and confinement. Based on my initial review pursuant to 28 U.S.C. § 1915A, I conclude that Velez's claims should be served on all named defendants.

### BACKGROUND

The following allegations are accepted as true for the purposes of the Court's initial review. Velez brings suit against Director of Security Santiago, SRG Coordinator John Aldi, a John Doe DR Investigator at Hartford CC, a Jane Doe DHO Officer at Hartford CC, and District Administrator Edward Maldonado.

Velez arrived at the Hartford Correctional Center on April 5, 2018, and roughly one month later on May 7, he was "given a paper saying 'pending SRG/Inmate conflict.'" Doc. #1 at 5 (¶¶ 1-2). A John Doe DR Investigator came to his cell three days later on May 10, and told him to sign the Security Risk Group (SRG)/conflict form "so he [could] hurry up and take [Velez] to

---

[1] Although Velez was in DOC custody and remains there, he has been charged with federal crimes, and on February 22, 2019, he appeared before me to enter a plea of guilty to charges of conspiring to distribute heroin and fentanyl as well as conspiracy to use and carry a firearm during and in relation to a drug trafficking crime. *See USA v. Velez*, 18cr90 (JAM) (D. Conn.).

the gang program." *Ibid.* (¶ 6). Velez does not state whether he signed the form. Velez alleges that the DR Investigator did not give him a disciplinary ticket because he had been designated as having a gang affiliation with the Latin Kings by law enforcement. *Id.* at 6 (¶¶ 4-5). The investigator also did not produce a law enforcement report for Velez to review, and otherwise ignored Velez's objections that he had renounced affiliation with the Latin Kings in 2017. *Ibid.* (¶¶ 6-10).

On May 14, 2018, Velez attended a Disciplinary Review hearing "without a ticket nor a report from law enforcement to challenge it." *Id.* at 18 (¶ 11). Although he attempted to speak in his own defense, the Jane Doe hearing officer told him that his efforts were futile because he would be found guilty based on the law enforcement gang designation. *Ibid.* (¶ 12). Although Velez asked to be represented by counsel at the hearing, *ibid.* (¶ 13), his request was denied and the hearing officer upheld his SRG designation, *ibid.* (¶ 14).

On May 21, 2018, Velez was transferred to the MacDougall-Walker Correctional Institution where he was put in a disciplinary "ticket group" and housed in the B2 unit. Again, Velez was not given a disciplinary ticket. *Ibid.* (¶¶ 15-16). Velez attempted to contest his SRG designation with John Aldi who was the SRG coordinator at MacDougall-Walker, but Aldi reiterated that Velez was thought to have an influential position in the Latin Kings organization, and that his designation as a gang affiliate by law enforcement was a determinant of his guilt. Velez protested, but Aldi disclaimed responsibility for the outcome. *Id.* at 18-19 (¶¶ 17-21). Velez asserts that he was only placed in the SRG program so that corrections officials could "defraud the Feds for more money." *Id.* at 20 (¶ 31).

In June 2018, Velez filed three requests to appeal his SRG determination with the DOC. Velez first filed an appeal request on June 4. When defendant Santiago responded on June 15,

2018, he informed Velez in writing that Velez had not received a "disciplinary report," and was not at that time subject to any disciplinary sanctions. Rather, Velez was designated as a Latin King Member and given a hearing regarding his SRG designation. Doc. #1 at 12.

Velez filed a second appeal on June 10, 2018. Defendant Aldi reviewed Velez's June 10 appeal request, and responded on July 7 to inform Velez that "the information that was provided by outside law enforcement" regarding his gang affiliation status "was sufficient enough to bring [him] to the hearing where [he] was reclassified as a Latin King member." *Id.* at 10.

Velez appealed again on June 14. Santiago reviewed Velez's June 14 appeal request and responded on July 6, 2018, to reaffirm the statement he made. Velez appealed his SRG determination through the Inmate Administrative Remedy Procedure and after two delays, *id.* at 8-9, he received a letter from defendant Maldonado on September 5, 2018, finding "no significant errors with the due process" underlying Velez's SRG designation and upholding that designation, *id.* at 13. Maldonado also informed Velez that his "District Level decision [was] not subject to appeal." *Ibid.*

Velez states that the decision to place him in administrative segregation at Walker was not reviewed by the SRG review committee. *Id.* at 20 (¶ 28). He did not receive notice or a hearing before he was placed in the SRG program phase 2. *Ibid.* (¶¶ 28-30). He has experienced mental and emotional distress as a result of being placed in administrative segregation, in addition to difficulty defending his criminal case, and limited time with family who can only visit and phone the facility on a restricted basis. *Ibid.* (¶¶ 32-35).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss

3

the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).[2]

Velez alleges in substance that he is a pre-trial detainee who was placed in and remains in highly restrictive confinement without having received a fair hearing to allow him to rebut any evidence against him and on the basis of a mistaken assumption that he is a member of the Latin Kings. He has alleged the personal involvement of each and every one of the defendants in his

---

[2] I will limit my review for present purposes to federal law claims. That is because the core purpose of an initial review order under 28 U.S.C. § 1915A is to make an initial screening determination of whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants. If there are no facially plausible federal law claims against any of the named defendants, then the Court would decline to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. On the other hand, if there are any viable federal law claims that remain, then the validity of any accompanying state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment. More generally, the Court's determination for purposes of an initial review order under 28 U.S.C. § 1915A that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek dismissal of any claims by way of a motion to dismiss or motion for summary judgment in the event that the Court has overlooked a controlling legal principle or if there are additional facts or circumstances that would warrant dismissal of a claim.

4

continuing restrictive confinement. Viewing the allegations in the light most favorable to Velez at this time, I will allow his claims to proceed at this time against each of the defendants. *See Hayes v. Santiago,* 2018 WL 5456494, at *2 (D. Conn. 2018) (allowing pre-trial detainee's due process claim to proceed based on allegations of SRG restrictive confinement without hearing); *Allah v. Semple*, 2018 WL 3733970, at *4-5 (D. Conn. 2018) (allowing pre-trial detainee's due process claim to proceed based on allegations of SRG segregation without fair hearing); *see also Vaughan v. Aldi*, 2019 WL 1922295, at *2 (D. Conn. 2019) (dismissing similar claim for failure to allege personal involvement of single named defendant).

## CONCLUSION

For the reasons set forth above, the Court allows Velez's due process claim to proceed against all named defendants in their individual capacities.

The Court enters the following orders:

(1) **The Clerk shall** verify the current work addresses of defendants Santiago, Aldi, and Maldonado, mail a waiver of service of process request packet to each defendant at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) Plaintiff's individual-capacity claims against the individual "John Doe" defendants may proceed. Plaintiff shall file an amended complaint by **July 19, 2019**, identifying by name any John Doe defendants or shall file a motion for extension of time to file an amended complaint explaining why he has been unable to name any "John Doe" defendants.

5

Failure to timely file an amended complaint or motion for extension of time will result in dismissal of claims against John Doe defendants in this action.

    (3)    **The Clerk shall** send plaintiff a copy of this Order.

    (4)    **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

    (5)    The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

    (6)    Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

    (7)    All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

    (8)    Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

    (9)    If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has

more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

It is so ordered.

Dated at New Haven this 20th day of May 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge